IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

Wells Fargo Bank, N.A., )
)
        Plaintiff, )
)
v. ) Civil Action No. 1:11cv100 (TSE/TRJ)
)
Country Developers, Inc., )
)
        Defendant. )
)

## REPORT AND RECOMMENDATION

This matter is before the court on plaintiff's motion for default judgment (no. 10) against defendant Country Developers, Inc. Pursuant to Va. Code §§ 12.1-19.1, 13.1-637 B, and 8.01-299.2, process for defendant was served on the Clerk of the State Corporation Commission of the Commonwealth of Virginia (no. 4), who issued a certificate of compliance on February 4, 2011 (no. 5). Plaintiff filed the certificate of compliance with this court on February 7, 2011 (no. 5). There has been no answer or other response to the complaint. The Clerk entered default on March 9, 2011 (no. 8). Upon consideration of plaintiff's motion and the memorandum in support thereof, the magistrate judge makes findings as follows and recommends that default judgment be entered in plaintiff's favor against defendant.

### Jurisdiction and Venue

This court has jurisdiction pursuant to 28 U.S.C. § 1332, as there is diversity between the plaintiff and each defendant and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Venue is proper pursuant to 28 U.S.C. § 1391(a).

**Standard**

Federal Rule of Civil Procedure 55 permits the court to grant a motion for default judgment where the well-pled allegations of the complaint establish plaintiff's entitlement to relief, and where a defendant has failed to plead or defend as provided by and within the time frames contained in the rules. *Music City Music v. Alfa Foods, Ltd.,* 616 F. Supp. 1001, 1002 (E.D. Va. 1985); Fed. R. Civ. P. 55.

**Factual Background**

Plaintiff Wells Fargo, N.A. is a national banking association with a principal place of business located in South Dakota. Compl. ¶ 1. Defendant Country Developers, Inc. is a Virginia corporation with a principal place of business located in Winchester, Virginia. Compl. ¶ 3.

On August 25, 1988, defendant executed a written application for the issuance of an irrevocable letter of credit from plaintiff[1] in favor of the Department of Environmental Management of the Board of Supervisors of Fairfax County, Virginia (the "Board"). Compl. ¶¶ 2, 7. Pursuant to the application, plaintiff issued an irrevocable letter of credit in favor of the Board in the amount of $732,000.00. Compl. ¶ 8.

The amount and expiry date of the letter of credit were amended several times, with the ultimate result that the amount of the letter was $214,000.00 as of February 1, 2006. Compl. ¶¶ 9-11. On February 1, 2006, the Board made a demand for $214,000.00 under the letter, and plaintiff paid the Board that amount. Compl. ¶¶ 12-13. Pursuant to the terms of the letter,

---

[1] Defendant actually made the application to First American Bank of Virginia, which was plaintiff's predecessor in interest. First American Bank of Virginia was acquired by First Union National Bank of Virginia, which was then acquired by First Union National Bank. First Union National Bank was acquired by Wachovia Bank, National Association, which merged into plaintiff on March 20, 2010. Compl. ¶¶1-2. For the sake of convenience, the term "plaintiff" in this report and recommendation refers to any of those entities as context requires.

defendant was then immediately obligated to reimburse plaintiff the sum paid, plus interest. Compl. ¶ 14. Defendant made various payments, such that as of July 23, 2007, the principal balance was $210,431.09. Compl. ¶ 15. Pursuant to the terms of the letter, interest accrues on unpaid principal at Wachovia Bank's prime rate, as it may change from time to time, plus one percent per annum.[2] Compl. ¶¶ 16-17. As of March 24, 2011, the accrued interest was $46,043.32. Pl.'s Mem. in Supp. of Mot. for Def. J. p. 3.

## Analysis

By defaulting, a defendant is deemed to have admitted all of the plaintiff's well-pled allegations of fact, which then form the basis for judgment against the defendant. Plaintiff has provided an appropriate basis for judgment through its well-pled allegations of defendant's failure to pay money owed under the letter of credit.

## Discussion and Findings

The magistrate judge makes the following findings:

First, the magistrate judge finds that defendant applied for and received a letter of credit from plaintiff in favor of the Board on August 25, 1988. Second, the magistrate judge finds that the Board made a demand of $214,000.00, representing the entire amount of the letter of credit, on February 1, 2006, and that plaintiff paid that amount to the Board. Third, the magistrate judge finds that, pursuant to the terms of the letter of credit, defendant was obligated to repay that money, plus all interest accrued, to plaintiff immediately. Fourth, the magistrate judge finds that defendant made payments reducing the principal balance to $210,431.09. Fifth, the magistrate

---

[2] At the time of the filing of the complaint and plaintiff's motion for default judgment, Wachovia Bank's prime rate was 3.25%, making the applicable interest rate 4.25%. Compl. ¶ 17; Pl.'s Mem. in Supp. of Mot. for Def. J. p. 3. Calculated at that rate, the interest on defendant's obligation amounts to $24.84256 per diem. Compl. ¶ 17; Pl.'s Mem. in Supp. of Mot. for Def. J. p. 3.

judge finds that under the terms of the letter of credit, interest on defendant's obligation accrues at a rate of Wachovia Bank's prime rate, as it may change from time to time, plus one percent per annum. Sixth, the magistrate judge finds that as of March 24, 2011, the accrued interest on defendant's obligation was $46,043.32. Seventh, the magistrate judge finds that plaintiff is entitled to postjudgment interest on defendant's obligation at the rate specified in 28 U.S.C. § 1961(a). Accordingly, the magistrate judge finds that defendant is obligated to plaintiff in the amount of (1) $256,474.41; (2) interest accruing from March 24, 2011 through the date of judgment at Wachovia Bank's prime rate, as it may change from time to time, plus one percent per annum; and (3) postjudgment interest accruing at the rate specified in 28 U.S.C. § 1961(a).

## Recommendation

The magistrate recommends that default judgment be entered against the defendant in favor of plaintiff in the amount of (1) $256,474.41; (2) interest accruing from March 24, 2011 through the date of judgment at Wachovia Bank's prime rate, as it may change from time to time, plus one percent per annum; and (3) postjudgment interest accruing at the rate specified in 28 U.S.C. § 1961(a).

## Notice

By means of the court's electronic filing system, and by mailing a copy of this report and recommendation to defendant at its address for service of process, the parties are notified as follows. Objections to this report and recommendation must be filed within fourteen (14) days of service on you of this report and recommendation. A failure to file timely objections to this report and recommendation waives appellate review of the substance of the report and recommendation and waives appellate review of a judgment based on this report and recommendation.

                                                               /s/
                                    Thomas Rawles Jones, Jr.
                                United States Magistrate Judge

May 2, 2011
Alexandria, Virginia